IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CHARLES JORDAN**                                                                                                **PLAINTIFF**

**v.**                                                **No. 1:22CV104-DAS**

**STARKVILLE POLICE DEPARTMENT, ET AL.**                    **DEFENDANTS**

### ORDER DISMISSING CASE FOR LACK OF STANDING

The plaintiff filed the instant case under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights by failing to file a criminal complaint for perjury against a witness who testified during his trial for exploitation of a child. The court issued an order [11] for the plaintiff to show cause, within 21 days, why the case should not be dismissed for lack of his standing to challenge the State's decision whether to initiate criminal proceedings. The plaintiff responded [13] to the show cause order, largely reiterating the allegations and claims from his complaint. He also alleged that counsel was ineffective for failing to move for a mistrial when the witness allegedly perjured herself. *Id*. at 5. Further, he alleges that his defense was prejudiced because the prosecution failed to disclose exculpatory information in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Finally, the plaintiff alleges that the failure to file a criminal complaint against the witness for perjury violated his right to equal protection of the law (though he did not allege facts to support this claim.) The plaintiff's arguments are unavailing; he has not shown cause, and the case will be dismissed, but without prejudice to seek *habeas corpus* relief as to his claims for ineffective assistance of counsel and violation of *Brady*.

### *Habeas Corpus* Claims are Not Cognizable in a § 1983 Proceeding

The plaintiff's allegations regarding ineffective assistance of counsel and *Brady* violations

sound in *habeas corpus* and are not properly raised in a case filed under 42 U.S.C. § 1983. Indeed, in the Fifth Circuit, *habeas corpus* petitions are the "exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."[1] *Heck v. Humphrey,* 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *see also Edge v. Stalder*, 240 F.3d 1074 (5th Cir. 2000).

In addition, as the plaintiff's success on these claims would necessarily call into question the validity of his conviction, they must be dismissed until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck,* 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). As the plaintiff's conviction and sentence have not been invalidated, his claims regarding ineffective assistance of counsel and *Brady* violations must be dismissed without prejudice to his ability to seek relief for these claims through a petition for a writ of *habeas corpus* filed under 28 U.S.C. § 2254.

### Equal Protection

The plaintiff also claims that the defendants' decision not to file a criminal complaint against the witness or reveal the perjury violated his right to equal protection of the law. Put simply, the equal protection clause directs states to treat all similarly situated persons alike. *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). A

---

[1] It is not clear whether the plaintiff seeks to challenge the validity of his conviction or sentence based upon these claims.

state government can violate the Equal Protection Clause only by intentional discrimination. *Lavernia v. Lynaugh,* 845 F.2d 493, 496 (5th Cir.1988). "Discriminatory purpose . . . implies more than intent as violation or as awareness of consequences[.] . . . It implies that the decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for *the purpose* of causing its adverse effect on an identifiable group[.]" *Id.* (internal quotations, citations, and footnote omitted) (emphasis in opinion). A violation of the equal protection clause can occur only when the governmental action in question classifies or distinguishes between two or more relevant persons or groups. *Brennan v. Stewart,* 834 F.2d 1248, 1257 (5th Cir.1988). The plaintiff's equal protection claim in this case must therefore fail, as the plaintiff has failed to identify "two or more relevant persons or groups" which the government has classified and treated differently – and to the plaintiff's detriment. *Vera v. Tue*, 73 F.3d 604, 609-10 (5th Cir. 1996). Nor has he alleged that a state actor intentionally discriminated against him because of his membership in a protected class. *Williams v. Bramer*, 180 F.3d 699 (5th Cir. 1999). For this reason, the plaintiff's Equal Protection Claim must be dismissed for failure to state a claim upon which relief could be granted.

## Conclusion

In sum, the plaintiff has not shown that he has standing to insist that the State initiate criminal perjury proceedings against a witness from his criminal trial who allegedly gave false testimony. In addition, his *habeas corpus* claims are not cognizable in this § 1983 proceeding, and his allegations fail to state a valid equal protection claim. For these reasons, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**SO ORDERED**, this, the 30th day of September, 2022.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE