IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CHARLES JORDAN**                                                                  **PLAINTIFF**

**v.**                                            **No. 1:22CV104-DAS**

**STARKVILLE POLICE DEPARTMENT, ET AL.**                      **DEFENDANTS**

**ORDER DENYING PLAINTIFF'S MOTION [18]
TO ALTER OR AMEND JUDGMENT**

This matter comes before the court on the plaintiff's motion for reconsideration of the court's September 30, 2022, order dismissing the instant case for lack of standing. The court interprets the motion, using the liberal standard for *pro se* litigants set forth in *Haines v. Kerner*, 404 U.S. 519 (1972), as a motion to amend judgment under Fed. R. Civ. P. 59(e), which must be filed within 28 days of entry of judgment. An order granting relief under Rule 59(e) is appropriate when: (1) there has been an intervening change in the controlling law, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The court held that the plaintiff did not have standing to compel a prosecutor to bring perjury charges against a witness who testified in his criminal case. The plaintiff moved [18] to reconsider the order and filed a supplement [19] to the motion. In the motion and supplement, the plaintiff merely restates the arguments the court rejected in its dismissal of the case. As such, the plaintiff has neither asserted nor proven any of the justifications to amend a judgment under Fed. R. Civ. P. 59(e). As such, the plaintiff's request to alter or amend judgment is **DENIED.**

**SO ORDERED**, this, the 12th day of January, 2023.

                                                        /s/ David A. Sanders
                                                        DAVID A. SANDERS
                                                        UNITED STATES MAGISTRATE JUDGE